**Albert R. MALANCA and Robert Schaefer, Esq., Cross-Appellees,**

v.

**FALSTAFF BREWING COMPANY, a corporation, Cross-Appellant.**

**Albert R. MALANCA, and Robert M. Schaefer, Plaintiffs-Appellees,**

v.

**GENERAL BREWING COMPANY, INC.; S & P Company, formerly Maier Maier Company; and Falstaff Brewing Corporation, Defendants-Appellants.**

Nos. 81–3600, 81–3655.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1982.

Decided Dec. 7, 1982.

Theodore F. Schwartz, Clayton, Mo., Paul R. Cressman, Sr., James A. Oliver, Short & Cressman, Seattle, Wash., for General Brewing.

Paul L. Ahern, Roberts & Shefelman, Frederick M. Meyers, Karr, Tuttle, Koch, Campbell, Mawer & Morrow, Seattle, Wash., for Malanca.

Before WRIGHT, HUG, and SCHROEDER, Circuit Judges.

HUG, Circuit Judge:

Albert Malanca and Robert Schaefer brought this contract action against General Brewing Company, Inc., S & P Company, and Falstaff Brewing Corporation for attorneys' fees allegedly due under an oral fee agreement. We reverse the district court order granting summary judgment to Malanca and Schaefer, and remand the contract claim for trial.

Appellant Falstaff Brewing brought a counterclaim for malpractice against Malanca and Schaefer, which the district court dismissed with prejudice. Falstaff Brewing appeals that dismissal. We affirm and find that the appeal of that order was patently frivolous. We award damages and double costs against Falstaff Brewing.

I

*Contract Action*

The attorneys were retained in February, 1978 to represent appellants in an antitrust action against the Schlitz Brewing Company. They entered into an oral agreement with Paul Kalmanovitz, an officer, director and majority shareholder of each of the appellant companies. The parties agree that under that agreement the attorneys were to "receive as their fee one-third of any amount received from Schlitz in settlement of, or by virtue of a judgment in, the *Schlitz* cases, exclusive of costs paid by [appellants]."

Shortly after Malanca and Schaefer were retained, the appellants and Schlitz began settlement negotiations. Kalmanovitz took the lead in these negotiations; he met with the Schlitz president without counsel present and worked out an agreement in July, 1978. After the settlement was reached, the parties to this action agreed to alter the original fee contract. They entered into a second oral agreement, under which the contingent fee due the attorneys was reduced to a one-quarter share.

The parties agree that by the terms of the settlement "Schlitz agreed to pay [appellants] the sum of $2,000,000 over a five-year period, such payments to be in the form of discounts on the price of containers to be sold by Schlitz to some or all of the [appellants]." Appellants purchased some cans under the settlement agreement, and remitted to the attorneys $89,829. The basis on which that amount was determined is not clear. After September, 1979, appellants refused to make further payments, apparently contending that their decision to purchase no more cans from Schlitz relieved them of any further obligation to Malanca and Schaefer.

Malanca and Schaefer brought this action in state court in Washington, alleging appellants breached the fee agreement by refusing to continue making payments. Appellants removed the case to federal court on the ground of diversity. The attorneys

then moved for summary judgment. They argued that no dispute existed as to the terms or validity of the original agreement, and that the attempted modification was invalid for lack of consideration. The district court adopted this theory in granting the motion. It awarded Malanca and Schaefer $574,590 on the original contract—one-third of $2,000,000, less expenses and less the prior payment of $89,829.

The resolution of this case turns on the characterization of the second oral agreement. The district court viewed the second agreement as a modification that altered only the percentage of recovery promised in the first agreement. The record demonstrates, however, that the parties negotiated more than that percentage in reaching their second agreement. The original contract contemplated payment to the attorneys of one-third of the judgment or of a traditional settlement. The unique settlement achieved by Schlitz and appellants, however, made it unclear how the attorneys' one-third share was to be calculated. Renegotiation of the agreement was necessary to determine how to adjust the contract terms to the changed circumstances. In reaching the new agreement, the parties agreed not only that the percentage would be one-quarter, but also how that percentage would be calculated and paid. Once that agreement was reached, appellants made payments, and the attorneys accepted them, under the second contract.

■ On these facts, the new agreement must be characterized as a substituted contract, rather than a modification. The second agreement was inconsistent with the first as to the amount of payment, and provided essential information as to terms omitted from the first agreement. The new agreement was reached in an effort to compromise a dispute as to amounts due the attorneys for their performance under the original agreement. It is thus apparent that the second agreement was not intended merely to modify the first agreement, but to replace it.

■ The parties' consent to a substituted agreement discharged appellants' obliga-

tions under the original contract. *See* 6 *Corbin on Contracts* § 1293 (2d ed. 1962). Appellants' alleged breach did not revive the original agreement. *Id.* The district court therefore erred in enforcing it.

■ We also disagree with the conclusion that the second agreement was not supported by consideration. The attorneys waived their claims under the original agreement in exchange for appellants' promise of payment under the new agreement. A release of former contract rights is adequate consideration. *Unitec Corp. v. Beatty Safway Scaffold Co.,* 358 F.2d 470, 474–75 (9th Cir.1966).

■ The substituted agreement is therefore valid and enforceable. However, material factual disputes exist as to its terms. The attorneys contend that their fee was to be one-quarter of the *value* of the *Schlitz* settlement. Appellants contend the fee calculation was limited to a share of amounts *actually received* under the settlement agreement. The parties also dispute what can purchases have been made under the agreement, what purchases will be made in the future, and whether appellants' obligation to pay Malanca and Schaefer is conditioned upon the continued purchase of cans. The interpretation of this oral contract thus rests on credibility judgments by the trier of fact, and the disputed questions can only be resolved at trial. *SEC v. Seaboard Corp.,* 677 F.2d 1301, 1305–06 (9th Cir.1982).

Before this court, the parties raised a choice of law issue. Appellants contend that California law should apply to the interpretation of the contract, because the agreement was formed and performed in that state. On remand, the district court shall determine which state's law the Washington courts would apply in this diversity case.

II

*Counterclaim*

■ Falstaff Brewing's counterclaim alleged that there was negligence on the part of the attorneys in failing to return timely

to counsel for one of the defendant breweries a notebook needed in connection with litigation in another jurisdiction. The uncontroverted evidence establishes that the case pending in the United States District Court for the Eastern District of Missouri was not affected by the presence or absence of the notebook and that the notebook was timely returned and made available there.

The attorneys' motion for summary judgment was well supported. The responsive affidavits left no disputed questions of fact. Rather, they demonstrate that the claim of negligence was a recent fabrication.

The judgment of the district court is affirmed.

Rule 38 of the Federal Rules of Appellate Procedure provides:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

The attorneys contend that an award of damages and costs should be made because the appeal is demonstrably frivolous. We agree. Falstaff Brewing had, in fact, sought to dismiss the counterclaim prior to entry of the summary judgment, yet chose to appeal the judgment dismissing the counterclaim. This court has been burdened, as have the appellees, with a frivolous appeal. An award of costs and damages under Rule 38 is appropriate.

It was agreed at oral argument that, if the court were to fix attorneys' fees as damages, the amount could be based on affidavits to be supplied by the appellees. Within 21 days from the date of the entry of this opinion, Malanca and Schaefer will provide the court with certified time records and data as to costs. We will then award to appellees double costs and damages in the amount of a reasonable attorneys' fee for the defense of the appeal of the counterclaim. The amount of the award shall be established by a supplemental order.

AFFIRMED in part, REVERSED and REMANDED in part.